# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: Jeffery G. Dailey, | |
| | Case No. 25-80078 |
| Debtor. | Chapter 7 |

## OBJECTION TO TRUSTEE'S SUBPOENAS TO PROGRESSIVE NORTHERN INSURANCE, INC., WOODS INSURANCE SERVICE, INC., AND DUEHNING INSURANCE AGENCY, LLC

COMES NOW Cheri Dailey, Sevyn Miules, LLC, and Sevyn Miles Construction, LLC (the "Objecting Parties"), by and through counsel as undersigned, and object to the Subpoenas issued to Progressive Northern Insurance Inc., a subsidiary of Progressive Corporation, Woods Insurance Service, Inc., and Duehning Insurance Agency, Inc. (collectively referred to herein as the "Subpoenaed Parties" or "Companies") by the Chapter 7 Trustee ("Trustee") on or about December 3, 2025 (the "Subpoenas") to the extent they seek documents pertaining to the Objecting Parties. In support of their objection, the Objecting Parties state as follows:

1. The Trustee filed Notices of Issuance of Subpoena in a Bankruptcy Case herein on December 3, 2025 [Doc. Nos. 623 (Progressive Northern), 625 (Woods), and 626 (Duehning)] (hereinafter collectively referred to as the "Notices"). Each of the Notices included a copy of respective the Subpoena.

2. Each of the Subpoenas included an "Exhibit A" thereto, listing the documents sought. Exhibit A to the Subpoenas were substantively the same, except that the title differed (to reflect the specific Subpoenaed Party), and the time periods for which the documents were sought differ for each of the Subpoenas.

1

3. The Subpoenas commanded the Subpoenaed Parties to produce certain documents and/or other items specifically set forth on Exhibits A thereto (the "Materials") at the office of Luke Homen Law, PLLC in Oklahoma City, Oklahoma by 5:00 pm on January 2, 2025.

4. The Subpoenas to Progressive Northern and Woods Insurance Services sought documents for the period from January 2020 to current; the Subpoena to Duehning Insurance Agency sought documents for the period from January 2021 to current.

5. The Subpoenas all requested information concerning each of the Objecting Parties (and others), including full insurance policies, communications, full claims files (including pictures, video and audio recordings, titles, internal and external communications, notes, claims submissions, proofs of loss, settlement agreements, payoff statements, appraisals, release or disposition statements, sale documents, loss or transfer documents, and letters), payments to or from the Objecting Parties, applications for coverage, and declarations/schedules of insured equipment or other property. Only the Subpoena to Progressive mentioned a specific claim, but it did not limit the requests to documents related to such claim.

6. The Subpoenas command production of an extremely broad category of documents about each of the Objecting Parties and about Kynlee Dailey, the daughter of Cheri Dailey and the Debtor, who performs work for Sevyn Miles Construction.

7. Cheri Dailey is the former wife of the debtor, Jeffrey Dailey.

8. Cheri Dailey is the sole member of Sevyn Miles, LLC, and Sevyn Miles, LLC is the sole member of Sevyn Miles Construction, LLC. She, therefore, owns 100% of each of these companies (referred to jointly herein as the "Sevyn Miles Cos."). The Sevyn Miles Cos. were formed after the Debtor filed this Bankruptcy, and after the Substantive Consolidation Order was entered.

9. The Sevyn Miles Cos. do not and have not contracted or transacted business with any entity in which Debtor holds an ownership interest. Silver Skies is not related to any of Debtor's entities and has not received funds (either directly or indirectly) from Debtor or entities he owns. The Sevyn Miles companies may have compensated and/or reimbursed Debtor for work performed <u>post-petition only</u>.

10. The Sevyn Miles Cos. are located in the State of New Mexico.

11. The Trustee has, through counsel during a Preliminary Hearing herein, alleged that these companies (or one of them) operate a business in the State of Washington and/or Oregon and that one or both of them moved equipment owned by Boreworxx Construction, LLC to Washington and/or Oregon. These allegations are untrue. Sevyn Miles Construction did contract to perform work in those States, but the job in Washington was very short-lived, and the one in Oregon fell through. However, the equipment used was owned by third parties wholly unrelated to the Sevyn Miles Cos. or Cheri Dailey or the Debtor or any of his companies, or to Boreworxx Construction, LLC, and was subcontracted by Sevyn Miles Construction from third parties or from the primary contractor. The only piece of equipment transferred thereto by Sevyn Miles Construction was one owned by a subcontractor which Sevyn Miles Construction agreed to transport from New Mexico.

12. The Trustee of the bankruptcy estate of the ex-husband of the owners/members of the Sevyn Miles Cos. has no business laying out this broad net to obtain personal, private, insurance information/documents of the Sevyn Miles Cos., Cheri Dailey (individually), or her daughter Kynlee Dailey (individually).

13. In the Notice, the Trustee asserted that the Subpoenas were issued pursuant to Rule 45 Fed.R.Civ.P., "made applicable by Fed.R.Bankr.P.9016…" (*see* Exhibit A to Doc. Nos. 601-606).

14. Rule 9016 Fed.R.Bankr.P. provides that FRCP 45 applies to contested matters in bankruptcy cases. It is clear that Rule 9016 does not give a trustee broad powers to subpoena non-debtor third parties on any or every matter within a bankruptcy case, but only within "contested matters." There is no indication as to the "contested matters" to which the Subpoena relates, if any. The only pending contested matters involving or relating to any of the Objecting Parties is Cheri Dailey's Motion to Vacate Order Consolidating Boreworxx Construction, LLC into the above captioned Bankruptcy (the "Motion to Vacate"). Upon information and belief, there are no contested matters relating to Kynlee Dailey.

15. The requested documents are not relevant to or necessary for the hearing upon the Motion to Vacate, as the Trustee, within his Motion to Consolidate Boreworxx Construction, LLC ("BCDLLC") into this Bankruptcy, set forth serious and important allegations against and about BCLLC, upon which the Court granted the very rare and exceptional relief of substantive consolidation of a non-debtor entity. The Consolidation Order specifically provided that the findings in said Order were solely based on the representations of the Trustee's counsel. In filing the Motion to Consolidate and presenting it to the Court for entry based on counsel's representations, the Trustee and his counsel who filed that Motion had a duty to the Court to make sure its representations were meritorious and based on some provable facts. In other words, if the Trustee needs all this broad discovery concerning the private financial affairs of non-debtors to litigate the Motion to Vacate and show bases for consolidation, he should not have filed the Motion to Consolidate.

16. If there does not exist a contested matter under which it is appropriate to seek the discovery sought in the Subpoena and to which the Subpoena was intended to relate, then the Trustee was required to seek permission from the Court to conduct an examination under Rule 2004

4

Fed.R.Bankr.P. The Trustee cannot have it both ways; he cannot simply issue subpoenas to everyone, hoping to happen upon any information about additional estate property without first obtaining an order from this Court. He can either utilize unilateral subpoena power as if in an adversary proceeding or other litigation – but only if arising under a contested matter – or he can go on a hunt for assets. But in the latter case, he must comply with Rule 2004 Fed.R.Bankr.P.

17. Under Rule 45 Fed.R.Civ.P., it is very clear that a Subpoena commanding the production of documents may only command such production to occur "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(c)(2)(A). The Objecting Parties are not in the position to object on that basis since the Subpoena at issue was directed to a different entity. However, it is worthwhile pointing out that despite Cheri Dailey's pointing out this and other parts of Federal Rule of Civil Procedure 45, the Trustee has continued to serve dozens of Subpoenas requiring production outside of the 100-mile area, and do not even give the opportunity for the documents to be produced electronically.

18. Courts within the Tenth Circuit have consistently held that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *In re Capuccio*, 558 BR 930 (Bankr. WD Okla. 2016); *also see In re Milholland*, 2017 WL 895752 (10th Cir. BAP 2017) [unreported] (affirming the Bankruptcy Court's quashing of numerous subpoenas issued by the trustee in an adversary case, holding that they were overly broad, harassing, and inappropriate for the character, nature, and extent of the particular litigation, noting also that the most of the subpoenas appeared to be part of a widespread fishing expedition). Even considering the broad authority given to chapter 7 Trustees in most cases, the Court is to apply the proportionality analysis to limit excessive discovery.

5

Case 25-80078    Doc 639    Filed 12/17/25    Entered 12/17/25 19:35:16    Desc Main
Document    Page 5 of 8

19. The broad production requests in Exhibit A to the Subpoenas are not relevant to this bankruptcy, the administration thereof, the Motion to Vacate, or any other matters pending in this case. The particular documents requested are not admissible in any pending matter and are not reasonably calculated to lead to the discovery of any admissible evidence. The Trustee's numerous Subpoenas requesting private financial information of non-debtors is nothing more than a fishing expedition, and are harassing to Cheri Dailey.

20. There is no reason the Trustee should be permitted to obtain these non-debtors' private financial records, when (1) none of the Objecting Parties are owned by the Debtor or any of the companies substantively consolidated into this Bankruptcy, Cheri Dailey, as the Debtor's ex-spouse, cannot be brought into this case as a debtor, by substantive consolidation or otherwise (and could not have been, even if the parties had not divorced twenty (20) years ago, and was a non-filing spouse; (3) the documents sought relative to the Sevyn Miles Cos. would all necessarily cover only post-petition periods (as the companies were not formed before the Petition Date); and (4) the time periods for the documents requested from the Subpoenaed Parties go back to either January of 2020 or January of 2021, five and six (6) years before the Petition Date.

21. To the extent the Trustee asserts that the relevance of any of the requested Materials is connected with Boreworxx Construction, LLC, the Moving Parties respectfully request the Court to stay the hearing upon this Objection until after the Motion to Vacate is ruled upon.

WHEREFORE, Cheri Dailey, Sevyn Miles, LLC, and Sevyn Miles Construction, LLC respectfully request the Court to enter an order providing that the Subpoenaed Parties shall not comply with the respective Subpoenas directed to them to the extent the Subpoenas command production of documents related to Cheri Dailey, Sevyn Miles, LLC, and Sevyn Miles Construction, LLC; alternatively, providing that each such Subpoena is null, void, and without

effect; to delay a hearing upon this Objection until after the Court rules upon the Motion to Vacate; and for other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

BUSINESS LAW SOUTHWEST LLC

*/s/ Shay Elizabeth Meagle*
Shay Elizabeth Meagle
6801 Jefferson St. NE, Suite 210
Albuquerque, New Mexico 87109
Tel: (505) 848-8581
Shay@businesslawsw.com

*Appearing on behalf of Cheri Dailey*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2025, a true and correct copy of the foregoing was served by email to:

Counsel for Chapter 7 Trustee:

Alex Sullivan: alex@lukehomenlaw.com

I further certify that I will cause a true and correct copy of the foregoing Objection to be mailed, on December 18, 2025, via First Class U.S. Mail, postage prepaid, to the following:

Progressive Northern Insurance Company
c/o Progressive Corporation
ATTN: Legal Department
300 N. Commons Blvd.
Mayfield Village, OH  44143

Progressive Northern Insurance Company
c/o CT Corporation, Registered Agent
301 S. Bedford Street, Ste. 1
Madison, WI 53703

Woods Insurance Service, Inc.
c/o Lyle G. Love, Sr., as Registered Agent
2700 N. Farmington Ave., Bldg. F
Farmington, NM  87401

Duehning Insurance Agency, LLC
c/o Mike Duehhning, as Registered Agent
10535 Texoma Park Dr.
Kingston, OK  73439

*Shay Elizabeth Meagle*
Shay Elizabeth Meagle