# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| In re | x<br>;<br>; | Case No. 25-80078-PRT |
| Jeffrey G. Dailey, Ragged Edge Ranch, LLC, RYKYN Investments, LLC, Boreworxx, LLC, Boreworxx Construction, LLC, and Tycoon Motorsports, LLC, | ;<br>;<br>;<br>:<br>: | Chapter 7<br><br>Substantively Consolidated |
| Debtors. | :<br>x |  |

**TRUSTEE'S OMNIBUS RESPONSE TO (I) OBJECTION TO TRUSTEE'S SUBPOENA TO CITIBANK, NA [DKT. NO. 638], (II) OBJECTION TO TRUSTEE'S SUBPOENAS TO PROGRESSIVE NORTHERN INSURANCE, INC., WOODS INSURANCE SERVICE, INC., AND DUEHNING INSURANCE AGENCY, LLC [DKT. NO. 639], AND (III) OBJECTION TO TRUSTEE'S SUBPOENA TO FARMERS BANK & TRUST COMPANY [DKT. NO. 640]**

Luke Homen, in his capacity as trustee (the "Trustee") of the estate of Jeffrey G. Dailey, which includes the substantively consolidated estates of Boreworxx, LLC[1], Boreworxx Construction, LLC[2], Tycoon Motorsports, LLC[3], Ragged Edge Ranch, LLC[4], RYKYN Investments, LLC[5] (collectively, the "Estates"), for his omnibus response (this "Response") to the (i) *Objection to Trustee's Subpoena to Citibank, NA* [Dkt. No. 638], (ii) *Objection to Trustee's Subpoenas to Progressive Northern Insurance, Inc., Woods Insurance Service, Inc., and Duehning Insurance Agency, LLC* [Dkt. No. 639], and (iii) *Objection to Trustee's Subpoena to Farmers Bank*

---

[1] *Agreed Order Approving Sustantive Consolidation of Boreworxx, LLC* [Dkt. No. 200].
[2] *Agreed Order Approving Substantive Consolidation of Boreworxx Construction, LLC* [Dkt. No. 201].
[3] *Agreed Order Approving Substantive Consolidation of Tycoon Motorsports, LLC* [Dkt. No. 318].
[4] *Agreed Order Approving Substantive Consolidation of Ragged Edge Ranch, LLC* [Dkt. No. 198].
[5] *Agreed Order Approving Substantive Consolidation of RYKYN Investments, LLC* [Dkt. No. 199].

*& Trust Company* [Dkt. No. 640] (the "Objections") filed by Cheri Dailey, Sevyn Miles, LLC, and Sevyn Miles Construction, LLC (the "Objecting Parties"), shows the Court as follows:

1. The Objecting Parties admit that their Objections are intended to prevent the Trustee from obtaining information relevant to the upcoming hearing on Cheri Dailey's *Motion to Vacate the Court's Order Consolidating Boreworxx Construction* [Dkt. No. 346] (the "Motion to Vacate"): "To the extent the Trustee asserts that the relevance of any of the requested Materials is connected with Boreworxx Construction, LLC, the Objecting Parties respectfully request the Court to stay the hearing upon this Objection until after the Motion to Vacate is ruled upon." *See Objections*, at ¶ 21.

2. Indeed, obstruction and delay is central to Ms. Dailey's strategy. The Trustee contacted Ms. Dailey's counsel to provide four (4) possible dates for Ms. Dailey's deposition and to express the need to confer regarding Ms. Dailey's objection to the subpoena directed to Ms. Dailey so as to obtain responsive documents prior to such deposition. Ms. Dailey's counsel responded to express unavailability, without providing any excuse, on each of the four (4) dates and ignored the request for a discovery conference.

3. The reasons the Subpoenas must be responded to and the Objecting Parties' Objections should be overruled were stated in *Trustee's Omnibus Response to Objections to Trustee's Subpoenas* [Dkt. Nos. 619, 631 & 632] (the "Omnibus Response"). Rather than rehash them herein, the Trustee incorporates the Omnibus Response.

4. Due to the Objecting Parties' obstructionist tactics, it is evident to the Trustee that the hearing on the Motion to Vacate will need to be continued so that the Court can first address the Objecting Parties' obstruction of permissible discovery, direct such discovery to proceed, then conduct the hearing following the conclusion of such discovery. This situation is unfortunate and

is costly to the Estates and their creditors.  If Ms. Dailey and the other Objecting Parties' professions of innocence and lack of connection with Mr. Dailey were true, then they would have no problem propounding a protective order and agreeing that discovery may proceed so their innocence may be revealed.  Of course, that is not the approach they have taken because the evidence available to date shows profound connection, utter disregard for corporate formalities, and the use of company resources for personal benefit.

## Conclusion

For the reasons stated herein, the Trustee respectfully requests that this Court overrule the Objections and direct the recipients of the Subpoenas to produce all documents responsive thereto.

Dated: December 22, 2025
Oklahoma City, Oklahoma

Respectfully submitted,

**LUKE HOMEN, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF JEFFREY G. DAILEY, RAGGED EDGE RANCH, LLC, RYKY INVESTMENTS, LLC, BOREWORXX, LLC, BOREWORXX CONSTRUCTION, LLC, and TYCOON MOTORSPORTS, LLC**

*/s/William H. Hoch*
Craig M. Regens, OBA #22894
William H. Hoch, OBA #15788
Wilson D. McGarry, OBA #31146
Kaleigh Ewing, OBA #35598
-Of the Firm-
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK  73102-8273

3

(405) 235-7700
craig.regens@crowedunlevy.com
will.hoch@crowedunlevy.com
wilson.mcgarry@crowedunlevy.com
kaleigh.ewing@crowedunlevy.com

*Counsel to the Trustee*

4