**Dated: March 19, 2026**

**The following is ORDERED:**



*Paul R. Thomas*

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

JEFFERY G. DAILEY,

                    Debtor.

AMERICAN BANK AND TRUST
COMPANY, an Oklahoma banking
Association,

                    Plaintiff,

vs.

JEFFERY G. DAILEY,

                    Defendant.

Case No.  25-80078-PRT
Chapter 7

Adversary No. 25-8012-PRT

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT
### AND DISMISSING ADVERSARY CASE

Before the Court is the Plaintiff's Motion for Summary Judgment and Brief in Support

(ECF No. 32).  After reviewing the motion, case file and applicable law, the Court finds that the

motion for summary judgment should be denied, and this adversary case should be dismissed.

## **Background**

On February 14, 2025, Debtor Jeffery G. Dailey ("Dailey") filed the above-referenced bankruptcy case (the "Main Case") as a voluntary proceeding under Chapter 7 of the Bankruptcy Code.[1]

On May 16, 2025, Plaintiff American Bank and Trust Company ("American Bank") filed this adversary proceeding against Dailey.[2] A Summons and Complaint were served upon Dailey by agreement of his counsel, Gary Hammond.[3] Dailey filed his Answer on June 12, 2025.[4] Mr. Hammond withdrew as Dailey's counsel in this case on November 12, 2025.[5]

On December 1, 2025, the United States Trustee filed an adversary proceeding seeking to deny Dailey's discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4) and (5).[6] Although served at the address Dailey provided to the Court, Dailey failed to answer or appear in that case. The Bankruptcy Court Clerk entered default on January 12, 2026.

Plaintiff American Bank filed a Motion for Summary Judgment in this adversary case on January 15, 2026, seeking a judgment of nondischargeability against Dailey pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B) and (a)(6). Dailey did not file a response.

On January 16, 2026, the United States Trustee filed a Motion for Default Judgment in its case seeking denial of discharge.[7] Dailey did not file an objection or response; therefore, on February 4, 2026, an Order granting the Motion for Default Judgment and a Journal Entry of

---

[1] Case No. 25-80078, ECF No. 1.
[2] ECF No. 1.
[3] ECF No. 6.
[4] ECF No. 7.
[5] ECF No. 23. Mr. Hammond also withdrew as counsel for Dailey in the Main Case on November 13, 2025. ECF No. 596.
[6] Case No. 25-8027, ECF No. 1.
[7] Case No. 25-8027, ECF No. 8.

Default Judgment was entered denying Dailey's discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4) and (5).[8] The Order and Judgment were also filed in the Main Case.[9]

**Discussion**

Federal courts are courts of limited jurisdiction and may decide only "cases" or "controversies." *In re Lotspeich,* 328 B.R. 209, 216 (10th Cir. BAP 2005) (citing U.S. Const., art. III, § 2, cl. 1). A case that ceases to present a "live controversy with respect to which the court can give meaningful relief" is moot. *See In re Jain,* 626 B.R. 336, 341 (Bankr. D.N.M. 2021) *citing Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir. 1993); accord *In re W. Pac. Airlines, Inc.,* 181 F.3d 1191, 1194 (10th Cir. 1999) ("[A] case becomes moot when it becomes impossible for the court to grant any effectual relief whatever to a prevailing party.") Courts do not have jurisdiction over moot cases. *Citizens for Responsible Gov't State Political Action Comm. v. Davidson,* 236 F.3d 1174, 1181–82 (10th Cir. 2000).

Dailey's denial of discharge renders this adversary case moot. The effect of the denial of discharge is that all debts that Dailey owed as of the date he filed bankruptcy are nondischargeable, including his debt to American Bank. The denial of Dailey's discharge pursuant to § 727 provides the same relief to American Bank that it seeks via this adversary case: any debt that Dailey or the substantively consolidated debtors owed to American Bank will not be discharged in this chapter 7 bankruptcy. This Court is no longer able to grant American Bank "any meaningful relief in addition to what it has already received" pursuant to the order denying discharge. *In re DuMouchelle,* 655 B.R. 120, 124 (Bankr. E.D. Mich. 2023) (citations omitted). Issuing findings or an opinion pursuant to 11 U.S.C. § 523 would not change the outcome for

---

[8] Case No. 25-8027, ECF Nos. 12 and 13.
[9] Case No. 25-80078, ECF Nos. 691 and 692.

American Bank.  Lacking a case or controversy and unable to provide further relief, this case is moot. Therefore, the Court lacks jurisdiction over this case and it will be dismissed.

### Order of the Court

IT IS THEREFORE ORDERED that Plaintiff American Bank and Trust Company's Motion for Summary Judgment and Brief in Support (ECF No. 32) is **denied as moot.**

IT IS FURTHER ORDERED that this adversary case is hereby **dismissed.**

### ###